UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDALE HAYNESWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 16-cv-04006-JCS<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 30 |

## I.   INTRODUCTION

The Court previously granted a motion for summary judgment by Plaintiff Londale Haynesworth, reversed the decision of Defendant Nancy Berryhill, Acting Commissioner of Social Security (the "Commissioner") denying Haynesworth Social Security benefits, and issued an order remanding to the Commissioner with an instruction to award benefits pursuant to the Ninth Circuit's credit-as-true rule. The Commissioner now moves to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. In the interest of efficiency and to avoid an unnecessary expenditure of attorneys' fees at public expense, the Court finds the matter suitable for resolution on the Commissioner's motion alone, without further briefing. The motion is DENIED for the reasons discussed below.[1]

## II.   BACKGROUND

This order assumes for the parties' familiarity with the facts and procedural history of the case. A more detailed summary of Haynesworth's medical history and the procedural background of his efforts to obtain Social Security benefits is included in the Court's previous order granting Haynesworth's motion for summary judgment. *See generally* Order on Cross Mots. for Summ. J.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

("S.J. Order," dkt. 27).[2]

### A. Administrative Proceedings

Haynesworth, who suffers from schizoaffective disorder, initially filed an application for social security benefits in June of 2010, alleging disability beginning in 2007. *See* Administrative Record ("AR," dkt. 19) at 90; S.J. Order at 2. After that application was denied following a hearing before an administrative law judge ("ALJ"), Haynesworth filed a second application in May of 2013, alleging disability beginning immediately following the denial of his first application in March of 2013. AR at 20, 99; S.J. Order at 2. The second application was denied on initial review, denied on reconsideration, and denied after a hearing before ALJ Nancy Lisewski. AR at 17–30; S.J. Order at 2. ALJ Lisewski adopted the previous ALJ's assessment of Haynesworth's residual functional capacity, crediting state agency consulting doctors' opinions that Haynesworth was not disabled and giving little weight to opinions of Haynesworth's treating and examining doctors. *See generally* AR at 20–30; S.J. Order at 22–28. After the Social Security Administration Appeals Council denied Haynesworth's request for review, *see* AR at 1–3, Haynesworth filed the present action in this Court.

### B. Previous Order Granting Summary Judgment

On July 31, 2017, the Court granted Haynesworth's motion for summary judgment, denied the Commissioner's cross motion for summary judgment, and issued an order remanding the matter to the Commissioner with instructions to award benefits. *See generally* S.J. Order.

The Court held that the ALJ failed to present specific and legitimate reasons for giving little weight to the opinion of Dr. James Liles, who treated Haynesworth. *Id.* at 36–39. Contrary to the ALJ's statement that Dr. Liles' opinion failed to reference his treatment notes, the opinion at issue in fact stated that Dr. Liles relied on mental status examinations and clinical interviews (as described in his treatment notes), and the Court held that Haynesworth's normal performance on in-office tests was not a sufficient reason for the ALJ to discount conclusions that Dr. Liles drew

---

[2] *Haynesworth v. Berryhill*, No. 16-cv-04006-JCS, 2017 WL 3232481 (N.D. Cal. July 31, 2017). Citations herein to specific pages of the Court's previous order refer to the version filed in the Court's ECF docket.

from clinical interviews. *Id.* at 37–38. The Court also held that a reference in one treatment note to suspicion of poor medication compliance was not a sufficient reason to discount Dr. Liles' opinion. *Id.* at 38–39.

The Court similarly held that the ALJ failed to set forth specific and legitimate reasons for giving little weight to the opinions of Drs. Lesleigh Franklin and Laura Catlin, both of whom examined Haynesworth and concluded that he had marked limitations as a result of mental impairments. *See id.* at 40–45. Contrary to the ALJ's opinion, those doctors did not base their opinions solely on Haynesworth's own subjective statements; they in fact also administered a number of clinical tests and reviewed medical records. *Id.* at 40–42. Nor did the fact that their services were procured by Haynesworth's counsel constitute a sufficient reason to reject the opinions under Ninth Circuit precedent. *Id.* at 42–43. And while the ALJ asserted that the examining doctors lacked access to the full record available at the time of the ALJ's determination, both doctors in fact stated that they reviewed all medical records available at the time of their opinions, which in the case of Dr. Catlin, would have included essentially all of the same records available to the ALJ. *Id.* at 43–44.

Because the ALJ's reasons for rejecting the opinions of Drs. Liles, Franklin, and Catlin were insufficient, the Court held that the ALJ also erred in giving great weight to the opinions of non-examining state agency doctors to the extent that they conflicted with the treating and examining doctors' opinions. *Id.* at 45.

Turning to the ALJ's treatment of Haynesworth's testimony, the Court held that having acknowledged that Haynesworth's impairments could reasonably be expected to cause his reported symptoms, the ALJ failed to present clear and convincing reasons to discount testimony as to those symptoms. *Id.* at 45–50. The ALJ did not identify specific testimony that she found less than credible, as required by Ninth Circuit precedent, and the Court found the ALJ's reasons for generally discrediting Haynesworth to be either unsupported by the record or inadequate. *Id.* at 47–50.

Finally, the Court held that the Ninth Circuit's credit-as-true doctrine applied in this case and warranted a decision awarding benefits. *Id.* at 50–52. The Court focused on uncontroverted

3

opinions of Drs. Liles and Catlin that Haynesworth's impairments would cause him to miss more than four days of work per month, and testimony from a vocational expert that even someone with the comparatively mild limitations of the ALJ's residual functional capacity assessment would not be able to find work if required to miss more than two days per month. *Id.* at 51–52.

Judgment was entered in Haynesworth's favor on August 1, 2017. *See* Judgment in a Civil Case (dkt. 28). The Commissioner filed her present motion on August 28, 2017, asking the Court to alter judgment based on the Commissioner's view that the holdings summarized above reflect a flawed understanding of the record and applicable law. *See generally* Motion to Alter J. (dkt. 30).

### III. ANALYSIS

#### A. Legal Standard

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id*.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). In this case, the Commissioner relies on the first avenue for relief, claiming manifest error. *See* Mot. to Alter J. at 1.

#### B. Rule 59(e) Relief Is Not Warranted

As a starting point, the Commissioner's present motion is procedurally improper, because each argument raised therein either was or could have been raised in her earlier motion for

4

summary judgment. The motion is therefore DENIED on the basis that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 485 n.5. The Court nevertheless briefly addresses some of the Commissioner's arguments below.[3]

### 1. Deference to the First ALJ's Assessment

First, the Commissioner contends that under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and Acquiescence Ruling 97-4(9), 1997 WL 742758, the "ALJ permissibly found that [Haynesworth] had not presented new and material evidence relating to [the previous ALJ's] findings to warrant a change in his RFC." Mot. to Alter J. at 1–2. Although the Commissioner's previous motion recites the standard of Acquiescence Ruling 97-4(9) in a footnote, nowhere in the earlier motion does the Commissioner argue that there was no new material evidence before the second ALJ. *See* Comm'r's S.J. Mot. (dkt. 23) at 3–8 & n.2. That alone is reason to deny the motion to the extent it is based on this belated argument. *See Exxon Shipping*, 554 U.S. at 485 n.5. Moreover, the record does not support the Commissioner's position. Regardless of what weight the ALJ chose to assign them, two examining doctors' subsequent opinions that Haynesworth had marked to extreme limitations (not to mention Dr. Liles' updated opinion) fall within any reasonable interpretation of "new and material evidence," *see* Acquiescence Ruling 97-4(9), 1997 WL 742758, such that ALJ Lisewski was not bound by ALJ Flanagan's prior assessment of Haynesworth's residual functional capacity.

### 2. Evaluation of Medical Opinion Evidence

Next, the Commissioner argues that the ALJ properly evaluated the opinions of Dr. Liles (who treated Haynesworth), Drs. Franklin and Catlin (who examined Haynesworth), and state agency consultants Drs. Lee and Lucila. Mot. to Alter J. at 3–10. The Commissioner devoted a substantial portion of her previous motion to those issues. Comm'r's S.J. Mot. at 3–8. Rule 59(e) "may not be used to relitigate old matters," *Exxon Shipping*, 554 U.S. at 485 n.5, and the present

---

[3] Because the procedural posture of the case is reason enough to deny the present motion, this order does not specifically address every argument raised therein. The Court stands by its previous holdings even as to those issues not discussed again here.

5

motion is therefore DENIED the extent that it is based on arguments as to how the ALJ weighed medical opinion evidence.

Moreover, the Court stands by its analysis of the ALJ's treatment of medical opinion evidence for the reasons stated in the previous order. S.J. Order at 35–45. The Commissioner's present motion makes much of the deferential standard generally applied to an ALJ's weighing of evidence, but elides the deferential standards that an ALJ must apply to opinions of treating and examining doctors and the burden on the ALJ to show why those opinions should be rejected. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). With respect to Dr. Liles, for example, the Commissioner argues that ALJ properly resolved a conflict between Dr. Liles' examination results and his assessment of Haynesworth's limitations. But as the Court stated in its previous order, and the ALJ failed to address, there is no conflict inherent in a patient with marked limitations in social settings exhibiting normal behavior in a one-on-one setting with a trusted doctor, and the Court therefore held that discrepancy did not rise to the level of a "specific and legitimate reason" to set aside Dr. Liles' opinions. *See* S.J. Order at 36–38. With respect to Dr. Catlin, for example, the facts that "*some* of Dr. Caitlin's [sic[4]] tests indicated normal results," and that Haynesworth was at one point dating someone, *see* Mot. to Alter J. at 7–8 (emphasis added), are not specific and legitimate reasons to discount the opinion of a psychologist who examined Haynesworth, reviewed his medical records, and conducted numerous clinical tests—several of which placed him in the "extremely low range," "indicat[ed] symptoms of severe depression," or otherwise suggested serious impairment. *See* AR at 437–48.

The Commissioner also emphasizes that "the State agency doctors are disability experts," and contends that the ALJ was therefore right to credit their opinions over those of Haynesworth's treating and examining doctors. Mot. to Alter J. at 9; *see also id.* at 5, 9–10. Starting from a blank slate, a decision to afford deference to such experts over doctors who have personally interacted with a claimant might be reasonable, but such an approach conflicts with controlling Ninth Circuit precedent. *See Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself

---

[4] The Commissioner refers to "Dr. Caitlin" throughout both of her motions. The spelling that appears in the record is "Catlin." *See* AR at, *e.g.*, 27, 437.

United States District Court
Northern District of California

1 constitute substantial evidence that justifies the rejection of the opinion of either an examining
2 physician *or* a treating physician.").[5] Although the Court's previous order should not be read as
3 suggesting that an ALJ can never properly credit a state agency consultant's opinion over that of a
4 treating or examining physician, *cf.* Mot. to Alter J. at 9, the Court's holding stands that the ALJ's
5 analysis in this case did not meet the standards to do so.

### 3. Evaluation of Haynesworth's Symptom Testimony

As for the ALJ's treatment of Haynesworth's own testimony, the Commissioner's present arguments again overlap significantly with her arguments at summary judgment, *see* Comm'r's S.J. Mot. at 8–11, and thus constitute an improper attempt "to relitigate old matters." *See Exxon Shipping*, 554 U.S. at 485 n.5. The motion is DENIED on that basis. The Commissioner also fails to address the standard stated in *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007), which requires a heightened showing of "specific, clear and convincing reasons" for an ALJ to reject a claimant's symptom testimony so long as there is objective medical evidence of an impairment that could reasonably be expected to produce the type of symptoms at issue. Nor does the Commissioner's present motion acknowledge the Court's holding that the ALJ failed to identify specific testimony that was not credible, as required by controlling Ninth Circuit precedent. *See* S.J. Order at 47 (citing *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010)); *Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). As for the Commissioner's remaining arguments regarding Haynesworth's testimony, the Court stands by its holding for the reasons stated in the previous order.

### 4. Remand for Benefits Under the Credit-as-True Rule

Finally, the Commissioner contends that the Court erred in remanding the case for an award of benefits rather than for further administrative proceedings. Mot. to Alter J. at 12–16. As stated in the Court's previous order, the Ninth Circuit's credit-as-true rule applies where:

---

[5] The fact that the Commissioner relies on opinions of consulting doctors to grant approximately one-third of disability applications at the initial screening stage, *see* Mot. to Alter J. at 9–10 & Ex. 1, is not in any way relevant to the present motion.

7

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

S.J. Order at 50 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). If those criteria are satisfied, a court should remand for benefits unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled"; failure to do so is an abuse of discretion. *See Garrison*, 759 F.3d at 1020–21. In applying the credit-as-true rule to this case, Court focused on: (1) the uncontroverted opinions of Drs. Liles and Catlin that Haynesworth's impairments would cause him to miss more than four days of work per month; and (2) the vocational expert's testimony that even someone otherwise meeting the ALJ's assessment of Haynesworth's residual functional capacity could not find employment if required to miss more than two days per month. *Id.* at 51–52.

The Commissioner does not identify any gaps in the record or necessary further proceedings, other than allowing the ALJ a second chance to evaluate the same record. As stated in the previous order, the ALJ did not provide a legally sufficient basis for disregarding the opinions at issue. And in light of the vocational expert's testimony, the ALJ would have been required to find Haynesworth disabled if those opinions of Dr. Liles and Catlin regarding his absence from work were taken as true—not to mention the remaining opinions of Drs. Liles, Catlin, and Franklin, as well as Haynesworth's symptom testimony. The Commissioner's present argument focuses instead on whether the record as a whole creates serious doubt as to whether Haynesworth is disabled.

Assuming for the sake of argument that the Commissioner is correct that the record is ambiguous as to Haynesworth's capabilities and limitations while in a work environment, the Commissioner still fails to identify any evidence actually contradicting the medical opinions regarding the number of days that Haynesworth would be required to miss. Instead, the Commissioner points to the state agency consulting doctors' opinions that Haynesworth was not disabled. Both of those doctors agreed, however, that Haynesworth has mental impairments causing meaningful limitations, and the Commissioner does not identify any point in the record at

1 which either consulting doctor addressed the question of if or how often Haynesworth would be
2 required to miss work.

3 The circumstances here therefore differ from *Treichler v. Commissioner of Social Security*
4 *Administration*, 775 F.3d 1090 (9th Cir. 2014), a case on which the Commissioner relies for her
5 argument that remand for benefits is inappropriate. The majority opinion in *Triechler* identified
6 medical evidence specifically contradicting the testimony that the claimant sought to credit as true,
7 and held on that basis that "the district court would not abuse its discretion in concluding that not
8 all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1104–05. Lacking such
9 evidence in this case, the Commissioner's position amounts to a view that the credit-as-true
10 doctrine cannot apply in virtually any case where a consulting doctor has determined the claimant
11 is not disabled—a proposition unsupported by Ninth Circuit authority. In this case, further
12 proceedings on remand would constitute the sort of duplicative reassessments of credibility that
13 the doctrine is intended to avoid. *See Garrison*, 759 F.3d at 1019–20 (quoting *Varney v. Sec'y of*
14 *Health & Human Servs.*, 859 F.2d 1396, 1398–99 (9th Cir. 1988)). The Court therefore declines to
15 revisit its holding as to this issue.

## IV. CONCLUSION

It is clear from the Commissioner's present motion that she strongly disagrees with this Court's reasoning and interpretation of the record and relevant authority. The Commissioner is entitled to that opinion, and is entitled to an appeal to the Ninth Circuit, should she so choose. For the reasons discussed above, however, the Commissioner is not entitled to the "extraordinary remedy" of relief under Rule 59(e). *See Allstate*, 634 F.3d at 1112. The motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 7, 2017

JOSEPH C. SPERO
Chief Magistrate Judge